1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                         WESTERN DIVISION

10

11   JULIO LEON,                      )   No. CV 14-07204-VBK
                                      )
12                   Plaintiff,       )   MEMORANDUM OPINION
                                      )   AND ORDER
13       v.                           )
                                      )   (Social Security Case)
14   CAROLYN W. COLVIN, Acting        )
     Commissioner of Social           )
15   Security,                        )
                                      )
16                   Defendant.       )
     _____)

17

18       This matter is before the Court for review of the decision by the

19   Commissioner of Social Security denying Plaintiff's application for

20   disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have

21   consented that the case may be handled by the Magistrate Judge. The

22   action arises under 42 U.S.C. §405(g), which authorizes the Court to

23   enter judgment upon the pleadings and transcript of the Administrative

24   Record ("AR") before the Commissioner. The parties have filed the

25   Joint Stipulation ("JS"), and the Commissioner has filed the certified

26   AR.

27       Plaintiff raises the following issues:

28       1.   Whether the Administrative Law Judge's ("ALJ") credibility

1            assessment of Plaintiff is supported by clear and convincing

2            rationale in the absence of any malingering;

3       2.     Whether the ALJ erred when she failed to even consider

4            evidence from "other sources" pursuant to 20 C.F.R. §

5            404.1513(d);

6       3.     Whether the ALJ erred by not granting greater weight to the

7            treating physician's opinion evidence that substantiated

8            additional impairments and a further diminished residual

9            functional capacity; and

10      4.     Whether the evidence submitted to the Appeals Council

11            further warrants reversal or remand.

12 (JS at 3.)

13

14      This Memorandum Opinion will constitute the Court's findings of

15 fact and conclusions of law. After reviewing the matter, the Court

16 concludes that for the reasons set forth, the decision of the

17 Commissioner must be reversed and the matter remanded.

18

19                            **I**

20    **THE ALJ'S CREDIBILITY ASSESSMENT AS TO PLAINTIFF'S SUBJECTIVE**

21 **SYMPTOM TESTIMONY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE**[1]

22      Following a hearing before an ALJ which occurred on March 18,

23 2013 (AR 38-57), at which testimony was taken from Plaintiff (who was

24 represented by other counsel than the counsel who now represents her

25 ──────────────────────

26      [1]     By Order of February 27, the Court approved substitution of
Julio Leon as successor-in-interest to the estate of Susana Paula

27 Leon, deceased. Consequently, while Julio Leon is now the Plaintiff in
this case, references in this Order to "Plaintiff" are to the claimant

28 in the administrative proceedings, Susana Paula Leon.

in this litigation), and also from a Vocational Expert ("VE"), an unfavorable Decision was rendered by the ALJ. (AR 24-31.) The matter was taken to the Appeals Council (AR 17), which considered additional evidence submitted to it (see AR at 1, 5), but denied review. (AR 1-6.) This litigation ensued.

The first issue concerns the ALJ's depreciation of Plaintiff's credibility as to her subjective symptom testimony. The ALJ summarized Plaintiff's subjective symptoms in the following portion of her Decision:

"The claimant testified to pain in her knees and back, and said her knees are weak. She testified her family practitioner, Dr. Tubbs, diagnosed fibromyalgia. She stated her pain is at level 10 on a 1/10 pain scale, and is reduced to level 9 with use of pain medication, prescribed by Dr. Kiker. The medication makes her groggy, so she will lie down, and this further reduces her pain levels to 8-9. She also takes gabapentin that causes her to lose her balance. She had right knee surgery in March 2011 and said she plans to have the right knee replaced but will try Synvise injections first. She had left knee surgery about a month before the hearing.

The claimant said she has migraine headaches 2-3 times a week that can last up to 2 days at a time. She takes medication, lies down in a dark room, and has been seen in the emergency room for treatment with injections.

The claimant related she had a 30-pound weight gain and is 5'4" and currently weighs 165 pounds.

The claimant testified she is depressed most of the

3

1        time, is trying to wean herself off Ativan for anxiety; and

2        has good days and bad days, staying in her room on bad days,

3        4-5 times a week.

4                          ...

5         According to the claimant, she has to constantly move

6        because of pain; she can stand up to 10 minutes if she can

7        lean against something; can sit only 10 minutes at a time

8        before she needs to stand or lie down for 15 minutes before

9        sitting again; she feels her medication causes memory loss;

10        she is forgetful and unable to concentrate; her husband

11        needs to help her with her personal care, her daughter does

12        her hair, and she needs a chair in the shower. She spends

13        the day watching television or playing with her 2-year-old

14        grandson, but cannot lift him."

15  (AR 29-30.)

16

17     The ALJ found that while Plaintiff's impairments could reasonably

18  be expected to cause the alleged symptoms, her statements regarding

19  the extent of these symptoms were found to be "not entirely credible

20  for the reasons explained in this decision." (AR 29, citing SSR 96-

21  7p.) Thus, the Court must look to the four corners of the Decision and

22  the reasons articulated therein to determine whether the ALJ satisfied

23  well-established legal standards to depreciate Plaintiff's

24  credibility.

25     These legal standards bear citation. First, SSR 96-7p sets forth

26  a two-step analysis. As noted, the ALJ found that the first step was

27  met, but at the second step, it is up to the Commissioner to evaluate

28  the intensity, persistence and limiting effects of the individual's

1   symptoms to determine the extent to which those symptoms limit that

2   individual's ability to do basic work activities. (Id.) Where there is

3   no evidence of malingering, it is the Commissioner's burden to

4   articulate clear and convincing reasons to reject a claimant's

5   testimony. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)

6   (citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)); see also,

7   Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996), and Dodrill

8   v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

9        The ALJ's Decision makes judicial review of this issue extremely

10  difficult. While the ALJ correctly stated that her credibility

11  findings must be based on a consideration of the entire case record

12  (AR 28), she then found Plaintiff's subjective symptom complaints "not

13  entirely credible for the reasons explained in this decision." (AR

14  29.) While the decision does contain summaries of various medical

15  evidence, there is no reference in the decision to the specific and

16  delineated factors set forth in governing regulations, such as 20

17  C.F.R. § 404.1529(c)(3)(i)-(vii). It is not up to the Court to read

18  the tea leaves to try to determine what evidence in the record the ALJ

19  may have determined to be relevant to the credibility assessment, what

20  evidence is relevant to determination of Plaintiff's residual

21  functional capacity ("RFC"), or other purposes of evidence evaluation

22  that should concern the ALJ in making a disability determination.

23  Further, the Commissioner complicates the matter even more by reciting

24  a number of factors in the JS (see JS At 5-6), several of which were

25  not even mentioned by the ALJ in her unfavorable decision. These

26  include factors denominated as numbers 3 and 7.

27       With regard to the remaining factors which the Commissioner

28  contends support the credibility assessment, the Court need only

1   briefly discuss them, because they are insufficient. The fact that

2   Plaintiff lost her job because she was fired in February 2010 has no

3   bearing on the credibility analysis in the context of this case. (See

4   AR at 29.) The fact that Plaintiff may have been taking narcotics and

5   medications prior to the January 2011 onset date of disability does

6   not account for the fact that Plaintiff had been treated prior to the

7   onset date, and therefore, as a credibility assessment factor, it

8   would appear to have no relevance. The fact that Plaintiff had been

9   having migraines for several years and had responded to medications

10  does not address the record which indicates that she did make

11  complaints to physicians that she was suffering from headaches. With

12  regard to the fibromyalgia issue, Plaintiff apparently had good reason

13  to believe she had fibromyalgia, as she was diagnosed with this

14  condition. Whether or not she met the number of requisite trigger

15  points for a diagnosis of fibromyalgia is beside the point, and in

16  fact, she received a comprehensive internal medicine consultative

17  evaluation ("CE") on June 26, 2011 from Dr. Marvasti (AR 312-316) in

18  which, while Dr. Marvasti acknowledged the number of trigger points,

19  he nevertheless rendered an independent diagnosis of fibromyalgia. (AR

20  315.) As Plaintiff's counsel aptly points out, it was Plaintiff's

21  belief that she had fibromyalgia (which apparently stemmed from

22  receiving a diagnosis of this condition) that is relevant to the

23  credibility analysis, not whether she in fact suffered from

24  fibromyalgia. With regard to Plaintiff's depression, whether or not

25  she received any psychiatric recommendations, she was prescribed

26  medications to treat that condition, and there is no credible evidence

27  in the record which the Court can locate that would contradict her

28  claim that she suffered from depression, and sometimes was limited to

6

1 her room because of it.

2     All in all, there is no basis in this record for the Court to

3 uphold the credibility determination in this decision, which fails to

4 meet the requisite standards of well established Social Security

5 regulations and case law.

6     Issue No. 2 is related to this issue, in that the ALJ failed to

7 acknowledge or discuss the third party Function Report completed by

8 Plaintiff's daughter. (AR 225-232.) It is required that an ALJ

9 consider relevant third party testimony. See Dodrill v. Shalala, 12

10 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e),

11 416.913(b)(4) & (e).

12     Because this matter must be remanded for a de novo hearing, the

13 Court will not devote significant attention to the remaining issues,

14 but will discuss them briefly here.

15     Issue No. 3 asserts that the ALJ erred by not granting greater

16 weight to the treating physician's opinion rendered by Dr. Mancheca at

17 AR 535-539. Indeed, while the ALJ's decision briefly references that

18 Dr. Mancheca submitted a physical RFC [sic], but did not reference any

19 mental health treatment, nevertheless, the Court can find nothing in

20 the decision which either credits or depreciates all or part of Dr.

21 Mancheca's diagnoses and conclusions. This in and of itself would be

22 sufficient error to require remand.

23     The Commissioner is correct that it is Plaintiff's burden to

24 establish that she meets or equals the requirements of a Listing.

25 //

26 //

27 //

28 //

1    Based on the foregoing, the matter is remanded for a <u>de</u> <u>novo</u>

2 hearing, which will also consider evidence submitted to the Appeals

3 Council after the rendition of the unfavorable decision, to the extent

4 that evidence pertains to a relevant time period.

5    **IT IS SO ORDERED.**

6

7 DATED: <u>May 29, 2015</u>            <u>          /s/          </u>
                                        VICTOR B. KENTON
8                                       UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28